IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILSON INSULATION OF AUGUSTA, INC., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Civil No. 3:05-MC-0038 |
| v. ) | Judge Trauger |
| ) | Magistrate Judge Brown |
| MASCO CORPORATION, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM and ORDER

On May 27, 2005, the Magistrate Judge issued an Order granting in part and denying in part the defendants' Motion to Compel and denying non-party 31-W Insulation Company, Inc.'s ("31-W") Motion to Quash. (Docket No. 19) 31-W has filed Objections (Docket No. 20), to which the defendants have responded (Docket No. 21), and 31-W has replied (Docket No. 22). This dispute arises out of the issuance of a Rule 45, FED. R. CIV. P., subpoena for non-party documents issued to 31-W by the defendants in connection with a case presently pending in the United States District Court for the Northern District of Georgia. Fourteen requests for documents were made, but the Magistrate Judge was only required to rule upon three specific requests detailed in his Memorandum. (Docket No. 18 at 2)

In its initial filing, 31-W does not address the standard of review that must be used by this court and merely asks that this court reverse the Order issued by the Magistrate Judge. (Docket No. 20 at 6) However, in reply to the defendants' assertions in the Response that 31-W had failed to demonstrate, or even assert, which portions of the Magistrate Judge's Order were "clearly erroneous or contrary to law," 31-W has taken the position that the Magistrate Judge's

ruling was, in fact, a dispositive matter, subject to *de novo* review by this court. (Docket No. 22 at 2) This assertion is in error, and the authority cited by 31-W in support thereof is inapposite. In fact, one of the very authorities cited by 31-W, in a section more pertinent to the issues before the court, states to the contrary:

> An order denying or granting a motion to quash a subpoena is ordinarily not considered final and appealable. If, however, a motion to quash a subpoena served on a non-party is *granted* by a court in a district other than the district in which the action is pending, that order is final and appealable, because it is the final disposition of the issues before it, and it would be "unreviewable on appeal of the final judgment in the principal action." When there is a *denial* of a motion to quash a subpoena in a district other than that in which the action is pending, the order is not final and appealable without an adjudication of contempt.

*9 Moore's Federal Practice,* § 45.04[8][a](3d ed. 2005) (emphasis in original). Here, the Magistrate Judge denied 31-W's Motion to Quash; therefore, the Order did not constitute a final disposition of the issues and is subject to review, as are most discovery matters, under the non-dispositive standard.

Because the Magistrate Judge disposed of a non-dispositive matter, this court may only reconsider the issue if the Magistrate Judge's ruling was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Rule 72(a), FED. R. CIV. P. This is a "limited standard of review." *Massey v. City of Ferndale,* 7 F.3d 506, 509 (6th Cir. 1993). A ruling is clearly erroneous "where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made." *Galbraith v. Northern Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991) (internal citations omitted). The test is "not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one."

*Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985) (internal citations omitted).

The Magistrate Judge carefully weighed the claims of the parties and balanced the defendants' need for the requested information against 31-W's desire to protect what it considers confidential financial and business information. In ruling on this matter, the Magistrate Judge appropriately limited the reach of the subpoena and provided additional protections for the disclosure of the information by the defendants. 31-W's objections failed to even assert that the Magistrate Judge's ruling was clearly erroneous or contrary to law, and the legal arguments presented are merely supported by persuasive authority and nothing that binds this court.

The Magistrate Judge's ruling was not clearly erroneous or contrary to law. Therefore, 31-W's Objections (Docket No. 20) are **OVERRULED**, and the Order of the Magistrate Judge (Docket No. 18) is **AFFIRMED**. It is hereby **ORDERED** that 31-W shall comply with the subpoena as limited by the Magistrate Judge's Order within ten days of the entry of this Order.

It is so **ORDERED.**

Enter this 21st day of September 2005.

ALETA A. TRAUGER
U.S. District Judge